UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| WILBUR LEE GORDON, | ) | Civil Action No. 5:20-cv-03137-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Commissioner has moved for entry of judgment and for remand pursuant to sentence 4 of 42 U.S.C. § 405(g). ECF No. 22. In the Motion to Remand, the Commissioner specifically indicates that

> [he] believes that further administrative action is warranted in this case. Specifically, remand is warranted to evaluate further the evidence related to vertigo and dizziness, evaluate further Plaintiff's residual functional capacity, and further evaluate Plaintiff's ability to perform other work that exists in the national economy.

ECF No. 22 at 1. Plaintiff filed his response to the Motion to Remand, indicating Plaintiff's counsel advised counsel for the Commissioner that "Plaintiff would have no objection to the request for Remand provided that Defendant's Motion include language that Plaintiff would have the opportunity to [a] new hearing." ECF No. 23 at 1. Plaintiff's counsel represents that counsel for the Commissioner advised that the Commissioner's counsel "'[could not] make that commitment in the motion.'" *Id*. Plaintiff further argues that a new evidentiary hearing is "critical" for several reasons. *Id.* at 1-2. The Commissioner did not submit a reply.

Having considered the Motion to Remand and response, and in view of the issues raised by Plaintiff in his brief, ECF No. 20, the Defendant's Motion, ECF No. 23, is *granted* and this action is remanded to the Commissioner for further evaluation under the fourth sentence of 42 U.S.C. § 405(g). Upon remand, the Appeals Council is to remand the matter to an ALJ with instructions to evaluate further the evidence related to vertigo and dizziness, evaluate further Plaintiff's residual functional capacity, and evaluate further Plaintiff's ability to perform other work that exists in the national economy. In conducting such further evaluation, the ALJ is instructed to provide Plaintiff with the opportunity for a new evidentiary hearing.

The Clerk of Court is directed to enter a separate final judgment terminating this case, hereby ending this civil action pursuant to the Federal Rules of Civil Procedure 58.

IT IS SO ORDERED.

June 4, 2021  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge