UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wilbur Lee Gordon, | ) | C/A No. 5:20-cv-03137-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 31. Plaintiff brought this action seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On May 26, 2021, the Commissioner filed a Motion to Remand pursuant to 42 U.S.C. § 405(g). ECF No. 22. Plaintiff filed a Response in Support of the Motion. ECF No. 23. In the Response, Plaintiff requested the opportunity for a new evidentiary hearing. ECF No. 23 at 2. On June 4, 2021, this court ordered the Commissioner's decision be reversed and remanded the case to the Commissioner for further administrative proceedings and provided that Plaintiff have the opportunity for a hearing. ECF No. 24. In a June 25, 2021 Order, the court approved an application for Attorney's Fees under the Equal Access to Justice Act (EAJA") in the amount of $4,800.00, which was stipulated to by the parties. ECF No. 30. That sum was to be disbursed to Plaintiff according to his agreement with counsel. *See* ECF No. 27; ECF No. 31-2 at 4.

---

[1]Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the named defendant in this action.

On August 15, 2022, Plaintiff filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). Within this Motion, Plaintiff asserts that he received an award of retroactive or past-due Social Security Supplemental Security Income and Social Security Disability Insurance Benefits. ECF No. 31-2. Plaintiff's counsel attached Plaintiff's Fee Agreement, as well as his services and hours summary for the 406(b) Motion. ECF No. 31-4; 31-7. The Commissioner filed a response indicating the Commissioner neither supports nor opposes the request. ECF No. 36.

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness when the agreed-upon fee does not exceed the statutory ceiling of 25 percent.

Having reviewed the record and the time expended in the judicial proceedings, the undersigned concludes that the amount sought is a reasonable and just fee to be paid to Plaintiff's counsel for his services before the court. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). It appears from the information provided by counsel that Plaintiff's Fee Agreement included a contingent fee basis of 25% of the award of past-due benefits, which equates to $8,989.25 in fees.[2] Further, it does not appear that the Commissioner opposes the amount sought. Therefore, the court hereby

---

[2] The record before the court does not have the total amount of past due benefits Plaintiff was awarded. However, Plaintiff provides a copy of a Notice of Award indicating what payments Plaintiff can expect and furthering indicating that 25% of past-due benefits were withheld to pay the representative, which totaled $8,989.25. ECF No. 31-5 at 2.

**ORDERS** that the Motion for Attorney's Fees, ECF No. 31, be granted, and the Commissioner shall pay from the Plaintiff's withheld benefits the amount of $8,989.25 to Plaintiff's attorney for his services in this case and certify the amount of the attorney's fees for payment to counsel out of the 25% of past-due benefits to which Plaintiff is entitled. It is further ordered that Plaintiff's counsel should refund to Plaintiff the EAJA fees of $4,800.00 in the current action upon receipt by Plaintiff's counsel of the 406(b) attorney's fee award in this action. *See Gisbrecht*, 535 U.S. at 796 (noting amount of successful claimant's past-due-benefit award will be increased by the EAJA award up to point of receiving 100 percent of past-due benefits).

IT IS SO ORDERED.

September 19, 2022                                    Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge